IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL SEAN JONES | : | CIVIL ACTION |
| v. | : | |
| THOMAS MCGINLEY, et al. | : | NO. 17-1024 |

**O R D E R**

**AND NOW**, this 19th day of March, 2018, upon careful and independent consideration of the petition for a writ of *habeas corpus,* together with the response thereto, and after review of the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey, and the objection thereto,[1] **I HEREBY ORDER** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTE**D.

2. The petition for a writ of *habeas corpus* is **DISMISSED** with prejudice.

3. There is *no* probable cause for a certificate of appealability.

4. The Clerk of Court shall mark this case closed for statistical purposes.

BY THE COURT:

*/s J. William Ditter, Jr.*
J. WILLIAM DITTER, JR. J.

---

[1] In his Objection, Petitioner argues that, contrary to Judge Hey's conclusion, his federal *habeas* petition is timely. In support thereof, he contends that the Pennsylvania courts erroneously categorized his second petition for collateral for relief as "untimely." He also claims that because his state filing was filed prior to the expiration of the federal statute of limitations, then it should be considered timely filed making his federal *habeas* petition timely as well. This argument is without merit. As Judge Hey pointed out, "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2242(d)(2)." *See* Rep. and Recommendation (Feb. 21, 2018) (Doc. No. 12), at 7-8 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). The Pennsylvania courts determined that Petitioner's second petition for collateral relief was untimely, thus it did not toll the federal statute of limitations. Petitioner's *habeas* petition is untimely.